**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Gregory LaPointe,<br>Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>Respondents. | No. CV-15-01044-PHX-DJH<br>**ORDER** |

This matter is before the Court on Anthony Greg LaPointe's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade on January 15, 2016 (Doc. 15). Petitioner filed Objections to the R&R on January 29, 2016 (Doc. 16). Respondents filed a Response to the Objections on March 4, 2016 (Doc. 20).

**I.  Background**

In the R&R, the Magistrate Judge set forth a concise and accurate summary of the background of this case. (Doc. 15 at 2-5). The Court finds that these facts are supported by the record, are not objected to by Petitioner, and thus incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"); *see also* Fed. R. Civ. P. 72(b)(3) (stating that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The Court, however, will summarize

relevant background facts for context.

On January 20, 2010, after a jury trial in Maricopa County Superior Court, Petitioner was convicted of two counts of aggravated assault. (Doc. 1 at 2). On March 23, 2010, the trial court sentenced Petitioner to aggravated consecutive prison terms of 10 and 14 years. (Doc. 1 at 2). The Arizona Court of Appeals affirmed the convictions and sentences on May 12, 2011. (Doc. 1 at 2).

In addition to directly appealing his convictions and sentence, Petitioner instituted state court proceedings for post-conviction relief ("PCR") (Doc. 1 at 3). In his PCR proceeding, among other issues, Petitioner argued that he received ineffective assistance of counsel based upon trial counsel's alleged failure to advise him regarding the State's plea offer. (Doc. 13-5 at 35). In his petition, he initially specifically asserted that he was not advised of a plea offer of 5 to 15 years. (Doc. 13-5 at 35). In Response, the State submitted a copy of a letter written by Petitioner to his trial counsel, in which Petitioner stated, "[t]here is no way that I will sign that piece of paper for 7.5, that is not even a plea offer!" (Doc. 13-5 at 58). The State additionally submitted trial counsel's affidavit in which trial counsel stated that Petitioner was made aware of the plea offer in the case, that he rejected the plea offer, and that Petitioner opted to proceed to trial instead of attending a Settlement Conference. (Doc. 13-5 at 60). In the first of two replies,[1] Petitioner stated that he did not "understand the benefit of the plea offer, until it was too late." (Doc. 13-5 at 65). In his second reply, Petitioner asserted that trial counsel never conveyed a specific plea offer to him, that he did not have a settlement conference, and that he never rejected a five-year plea offer. (Doc. 13-5 at 73).

The trial court denied relief under the PCR petition on July 30, 2012. (Doc. 13-5 at 84-86). It specifically addressed the ineffective assistance of counsel claim:

> Regarding the ineffective assistance of counsel claim, the court reviewed the submitted letter written by the Defendant where he stated "there is no way that I will sign that piece of paper of 7.5, that is not even a plea offer!" This

---

[1] It is unclear why Petitioner submitted two separate replies, one on July 3, 2012, and the other on July 6, 2012. (Doc. 13-5 at 64-67 ; Doc. 13-5 at 72-75). Both are misnamed "Petition for Post Conviction Relief & Request for Evidentiary Hearing," while their content indicates they were replies to the State's response.

> clearly indicates the Defendant had considered a plea offer made by the State and rejected it. Moreover, in Mr. Shepard's affidavit, he states the Defendant was made aware of a plea offer, and he rejected it. He (the Defendant) was also afforded an opportunity for a settlement conference on January 2, 2010 and the Defendant specifically declined opting instead to proceed to trial.

(Doc. 13-5 at 85) (internal citations omitted).

On appeal to the Arizona Court of Appeals, Petitioner asserted that the record was "far from clear" that trial counsel conveyed the five-year offer to him and that the record did not demonstrate that Petitioner's "case was discussed in a meaningful manner with him by his learned counsel." (Doc. 13-5 at 133, 139). In its Memorandum Decision, the Court of Appeals affirmed the trial court's decision. (Doc. 1-2 at 9-14). The court acknowledged the arguments made by Petitioner, both in the initial petition for post-conviction relief and in reply. (Doc. 1-2 at 11). The court found, regarding Petitioner's claims that counsel failed to communicate plea offers, that "none" of Petitioner's claims "were supported by affidavit, nor did [Petitioner] state or aver that he would have accepted a five-year plea agreement had it existed or had he been aware of it." (Doc. 1-2 at 11-12). Therefore, the court held that the trial court did not abuse its discretion because Petitioner failed to present evidence supporting the alleged lack of communication, while the State's evidence "plainly contradicts" the Petitioner's claim. (Doc. 1-2 at 12). The court further found that Petitioner had not met his burden of showing that, absent his counsel's ineffective advice, he would have accepted the plea offer. (Doc. 1-2 at 12). This was particularly true because Petitioner had "not avowed he would have accepted a five-year plea offer, even had it been offered, particularly in light of his rejection of a 7.5-year offer." (Doc. 1-2 at 12). Therefore, the Arizona Court of Appeals denied relief to Petitioner. (Doc. 1-2 at 14).

Petitioner filed his Petition with this Court on June 8, 2015. (Doc. 1). In his Petition, he presents three bases for relief, all of which relate to his inadequate assistance of counsel claim. (Doc. 1 at 15). Specifically, he claims that he was denied competent counsel "because his appointed trial counsel: (1) failed to convey to him the State's stipulated plea offer of 5 to 15 years before it expired; (2) failed to ever convey to him a plea offer that stipulated 5.0 years; and (3) failed to competently explain the risks of proceeding to trial

versus the benefits of any other plea offer made by the State." (Doc 1 at 15). In her R&R, Magistrate Judge Bade first found that all three claims were exhausted on post-conviction review and were resolved on the merits. (Doc. 15 at 7-15). Magistrate Judge Bade further found that the United States Supreme Court decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), was inapplicable and that Petitioner was not entitled to an evidentiary hearing. (Doc. 15 at 12-15, 18-19). Next, Magistrate Judge Bade concluded that the "state court's fact finding was reasonable and Petitioner has not shown that the appellate court's resolution of his allegations of ineffective assistance of counsel was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" (Doc. 15 at 26). Finally, Magistrate Judge Bade concluded that Petitioner did not show that the state court's resolution of his ineffective assistance of counsel claim was an unreasonable application of clearly established federal law. (Doc. 15 at 32). Accordingly, Magistrate Judge Bade recommended that the Petition for Writ of Habeas Corpus be denied. (Doc. 15 at 33). She further recommended that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing that he was denied a constitutional right. (Doc. 15 at 33).

**II. Standards**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1). A district court evaluating a Magistrate Judge's report may specifically adopt those portions of the report to which no "specific written objection" is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149. A district court is not required to review any portion of a magistrate judge's R&R that is not the subject of an objection. *Thomas*, 473 U.S. at 149. *See also* 28 U.S.C.A. § 636(b)(1) (the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

Petitioner objects to the following conclusions by Magistrate Judge Bade: (1) that claims two and three were exhausted and decided on the merits in state court and are therefore not subject to de novo review in federal court; (2) that claims two and three do not assert new claims; (3) that Petitioner is not entitled to an evidentiary hearing to expand the record; (4) that Petitioner is not entitled to relief because the state court's adjudication of his claim was not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding; and (5) that the state court's decision is not contrary to clearly established federal law. Finally, Petitioner objects to Magistrate Judge Bade's recommendation that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied.

### III. Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief is not available on any claim adjudicated on its merits in state court unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Review under this provision is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). In other words, once a claim is adjudicated on the merits in state court, the federal habeas court may not consider any new evidence of the claim. *See id.* The petitioner bears the burden of proving the standards for habeas relief have been met. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). When applying this highly deferential standard of review, 'the federal court should review the 'last reasoned decision' by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Accordingly, the Court has reviewed the Memorandum Decision issued by the Arizona Court of Appeals on February 10, 2014. (Doc. 1-2 at 8-14).

Generally, a Petitioner must exhaust his state court remedies before being able to obtain any habeas relief. *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014). Based on

this rule, if a petitioner fails to develop the claim before state court, that claim will be procedurally defaulted and the petitioner will not be able to pursue that claim as a basis for habeas relief. *Id.* If, however, there was inadequate counsel in the initial collateral review proceeding in state court, then the petitioner can overcome procedural default and seek habeas relief based upon inadequate assistance of counsel. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Dickens*, 740 F.3d at 1319. To do so, petitioner must establish "(1) the claim [of inadequate assistance of counsel] is substantial and (2) that his PCR counsel was ineffective." *Dickens*, 740 F.3d at 1320.

Petitioner asks the Court to first find that two of his claims – that counsel failed to convey to him a plea offer that stipulated five years and that counsel failed to competently explain the risks of proceeding to trial versus the benefits of any other plea offer made by the State – were not decided on the merits before the state court. (Doc. 16 at 2-6). Petitioner's position is that the claims were not decided on the merits because his PCR counsel was inadequate. (Doc. 1 at 12-13). Therefore, Petitioner argues that *Martinez* applies, which permits this Court to excuse the procedural default, and would also require de novo review of Petitioner's inadequate assistance of counsel claims. (Doc. 1 at 13).

As discussed below, this Court agrees with Magistrate Judge Bade's finding that all of Petitioner's claims were resolved on the merits in state court. Accordingly, there was no procedural default and this Court need not consider *Martinez*'s application to this case. Instead, this Court will apply the deferential standard applicable under § 2254(d).

**A. Petitioner's Claims Were Decided on the Merits and Are Not New Claims**

In his Petition before this Court, as he did in the state court PCR proceeding, Petitioner claims inadequate assistance of counsel based upon communications regarding plea offers. Now, however, Petitioner divides that claim into three sub-claims: (1) trial counsel failed to convey the State's plea offer that stipulated to a sentence of five-to-fifteen years' imprisonment; (2) trial counsel was ineffective for failing to convey a plea offer that stipulated to a sentence of five-years' imprisonment; and (3) trial counsel failed to explain the risks of proceeding to trial compared to the benefits of any other plea offer made by the

State. Petitioner contends that the state court proceedings only addressed the first claim on the merits and that the remaining two claims are new claims that have not been addressed on the merits. (Doc. 1 at 12).

### 1. *The claims were decided on the merits*

The Court finds that the claims were resolved on the merits in state court. First, the trial court found that the evidence failed to establish inadequate assistance of counsel:

> Regarding the ineffective assistance of counsel claim, the court reviewed the submitted letter written by the Defendant where he stated 'there is no way that I will sign that piece of paper of 7.5, that is not even a plea offer!' This clearly indicates the Defendant had considered a plea offer made by the State and rejected it. Moreover, in Mr. Shepard's affidavit, he states the Defendant was made aware of a plea offer, and he rejected it.

(Doc. 13-5 at 85) (internal citations omitted). While this order does not refer expressly to the five-year offer or to Petitioner's claim of inadequate advisement,[2] the order demonstrates that the trial court reviewed and considered whether Petitioner's counsel was ineffective based on failure to convey plea offers.

On review of the trial court's decision, the Arizona Court of Appeals opinion expressly considered the claimed five-year plea offer. The court stated that Petitioner "has not avowed he would have accepted a five-year plea offer, even had it been offered particularly in light of his rejection of a 7.5 year offer." (Doc. 1-2 at 12). The court similarly stated that Petitioner did not "state or aver that he would have accepted a five-year plea agreement had it existed or had he been aware of it." (Doc. 1-2 at 11-12). Based on these statements, the Court of Appeals expressly considered, and rejected, the five-year plea argument on its merits.[3]

---

[2] The trial court order also did not expressly mention a five-to-fifteen year offer, which Petitioner agrees was properly raised and resolved on the merits. (Doc. 1 at 12).

[3] It is true that Petitioner did not present argument regarding the five-year offer in his initial trial court PCR petition and that this failure could be considered a waiver under Arizona law. *See State v. Lopez*, 221 P.3d 1052, 1054 (Ariz. Ct. App. 2009). Unless the decision "'clearly and expressly' states that its judgment rests on a state procedural bar," however, habeas review is still available. *Harris v. Reed*. 489 U.S. 255, 263 (1989). Therefore, because neither the trial nor the appellate court stated that it was using waiver to resolve Petitioner's inadequate assistance of counsel claims, the claims are not procedurally barred due to waiver.

- 7 -

Regarding Petitioner's claim that his counsel failed to explain the risks of proceeding to trial instead of accepting a plea offer, Magistrate Judge Bade found that it was not clear whether the Arizona Court of Appeals resolved that specific claim on the merits or whether the court found that the claim was procedurally barred because it was not presented at the trial court post-conviction review proceeding. (Doc. 15 at 10-11). Nonetheless, Magistrate Judge Bade concluded that the Court of Appeals considered and rejected this claim on the merits. (Doc. 15 at 11). This decision was based on the principle that, unless the court expressly relies on a procedural bar, there is a presumption that the court's decision was based on the merits of a claim. (Doc. 15 at 11). This Court agrees. "[U]nless a court expressly (not implicitly) states that it is relying upon a procedural bar, [the federal habeas court] must construe an ambiguous state court response as acting on the merits of a claim, if such construction is plausible." *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). Here, the Court of Appeals never stated that it was relying on a procedural bar. Further, it is plausible that the court resolved this claim on the merits because its decision focused on the overall merits of Petitioner's ineffective assistance of counsel claim in the context of plea offers received.[4] (Doc. 1-2). Therefore, this Court finds that the Court of Appeals resolved all of Petitioner's claims on the merits.

2. *The claims are not new claims*

The Court likewise rejects Petitioner's assertions that claims two and three are "new claims" of ineffective assistance of counsel. When a claimed "new" ineffective assistance of counsel claim either merely expands upon the original ineffectiveness claim or is directly related to the original claim, it is not considered a new claim. *See Schad v. Ryan,* 732 F.3d 963, 966-67 (9th Cir. 2013) (finding no difference between a claim that counsel was ineffective with respect to the effect of childhood abuse and a claim that counsel was ineffective for failing to investigate the childhood abuse). A new claim is only made if the new allegations "fundamentally alter the legal claim already considered by the state

---

[4] This includes the court's discussion of Petitioner's letter to his counsel, in which he stated that he did not want to accept an offered plea of 7.5 years. (Doc. 1-2 at 5). This demonstrates that the court did consider communications between Petitioner and his counsel regarding possible plea offers.

- 8 -

courts." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (internal quotations omitted). For example, in *Schad*, the petitioner argued that he was presenting a new ineffective assistance of counsel claim. 732 F.3d at 965-66. The petitioner asserted his claim was new because, at sentencing, his counsel failed to present mitigating evidence regarding the effect of childhood abuse on his mental condition at the time he committed the crime. *Id.* at 966. Previously, he had argued that he received inadequate assistance of counsel because his trial counsel failed to adequately investigate his childhood abuse. *Id.* The court found there was no new claim:

> He is now contending that the federal claim of counsel ineffectiveness with respect to the effect of childhood abuse is somehow distinct from the earlier claim of ineffectiveness for failing to investigate the childhood abuse itself. The two cannot be so easily separated, however, because the relevant mitigating factor in sentencing was always the effect of the childhood abuse on his adult mental state.

*Id.* Accordingly, the court found that the claim was "essentially the same as the claim he brought in his original habeas petition." *Id.* at 967.

In this case, Petitioner's claim has always been that he was denied effective assistance of counsel because the State's plea offer was not adequately communicated to him. In his petition, Petitioner has now sub-divided that claim into three individual, more detailed claims. Similar to the claim in *Schad*, where the petitioner expanded on the details of how his counsel allegedly provided ineffective assistance of counsel regarding the same issue, Petitioner's second and third claims simply provide more details regarding the same issue of counsel's communications regarding plea offers. They do not fundamentally alter the legal claim originally presented in post-conviction relief proceedings. Accordingly, they are not new claims.

**B. Request for an Evidentiary Hearing**

Petitioner also objects to Magistrate Judge Bade's finding that Petitioner is not entitled to an evidentiary hearing. (Doc. 16 at 10). Much of Petitioner's argument is premised on his contention that the inadequate assistance of counsel claims were not resolved on the merits in state court. (Doc. 16 at 10-13).

The standard for holding an evidentiary hearing in a habeas case is set forth in 28

- 9 -

U.S.C. § 2254, which states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Evidentiary hearings are not authorized for claims adjudicated on the merits in the state court. *Cullen v. Pinholster*, 563 U.S. 170, 183-84 (2011). Such claims are instead subject to review under § 2254(d)(1), which asks whether a state court's decision on the claim was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 181. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* Evidence introduced in federal court would, therefore, have no bearing on the Court's review under § 2254(d)(1). *Id.* at 184. As a result, evidentiary hearings pursuant to 28 U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in state court. *Id.* at 186 (stating that "AEDPA's statutory scheme is designed to strongly discourage" state prisoners from submitting new evidence in federal court in order to "ensure that federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings" (internal citations omitted)).

As the above analysis demonstrates, the state court adjudicated Petitioner's ineffective assistance claims on the merits. Therefore, under the AEDPA and *Pinholster*, the Court's analysis is limited to the record before the state court that decided the claims on the merits, and Petitioner is not entitled to an evidentiary hearing.

### C. Antiterrorism and Effective Death Penalty Act

Because there is no procedural default and *Martinez* does not apply, this Court will review Petitioner's inadequate assistance of counsel claims based upon the standards within the AEDPA. Under the AEDPA, habeas relief is not available on any claim adjudicated on its merits in state court unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As discussed above, review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id.* at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id.* at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

Finally, in the context of a habeas petition, a petitioner must do more than demonstrate that the state court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 562 U.S 86, 105 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In its decision, the Arizona Court of Appeals rejected Petitioner's claim of ineffective assistance of counsel. (Doc. 1-2). The court cited Petitioner's letter to counsel, in which Petitioner indicated that there was "no way" he would accept a 7.5 year plea offer, and cited Petitioner's counsel's affidavit stating that Petitioner had rejected the plea offer. (Doc. 1-2 at 11). The court then acknowledged Petitioner's claims regarding a five-year plea offer and regarding trial counsel's claimed failure to communicate the offer to Petitioner, but specifically noted that "[n]one of these claims were supported by affidavit, nor did [Petitioner] state or aver that he would have accepted a five-year plea agreement had it existed or had he been aware of it." (Doc. 1-2 at 11-12). Therefore, the court found

that, based on the record before it, it "cannot say the [trial] court abused its discretion in concluding [Petitioner] had failed to show counsel's performance was deficient." (Doc. 1-2 at 12). Finally, the court stated that, to establish prejudice, defendant had to show that, without his attorney's insufficient advice, he would have accepted the plea offer; because Petitioner rejected the 7.5 year plea offer and failed to avow that he would have accepted a five-year plea, Petitioner did not establish any prejudice. (Doc. 1-2 at 12).

Here, the Court finds Petitioner has failed to demonstrate that the Court of Appeals decision affirming the trial court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2). Review is limited to the evidence presented on the record before the state court. *Pinholster*, 563 U.S. at 181-82. The trial court and the Court of Appeals found that Petitioner's claims were unsupported. This Court agrees because Petitioner could have supported his claims with sworn testimony, but failed to do so. Likewise, Petitioner failed to establish a reasonable probability that he would have accepted a plea offer and therefore cannot establish any prejudice. This is particularly true based on the evidence that he rejected an offer of 7.5 years and the evidence that he opted to proceed to trial, rather than engage in a settlement conference. Therefore, neither the trial court, nor the Court of Appeals, in affirming the trial court, made an unreasonable determination of the facts in light of the evidence presented in the state court, or an unreasonable application of *Strickland*. The Court thus finds that Petitioner has failed to show that the state courts' decisions denying his ineffective assistance of counsel claim satisfy the standards for habeas relief. Accordingly, Petitioner's objection that the Magistrate Judge erred is rejected.

### D. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and the Court must state the specific issue or issues that satisfy the showing required for a certificate of appealability ("COA"). The

Court is authorized to issue a COA "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (internal quotations and citations omitted). A COA "does not require a showing that the appeal will succeed." *Id.* at 337. Here, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court agrees with Magistrate Judge Bade that Petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 15) is **accepted** and **adopted** as the order of this Court. Petitioner's Objections (Doc. 16) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified because reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.

**IT IS FURTHER ORDERED** that the Motion for Case Status (Doc. 26) and the Motion for Inquiry and Status of the Case (Doc. 29) are **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 29th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge